23 C.C.P.A.(Patents)

## In re EASTMAN KODAK CO.
### No. 3552.

Court of Customs and Patent Appeals.
Nov. 25, 1935.

Newton M. Perrins and George A. Gillette, Jr., both of Rochester, N. Y., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant, Eastman Kodak Company, made application in the United States Patent Office for registration of its trade-mark "Twindar" for photographic lenses on May 12, 1933. The application recites that the applicant has adopted and used the trade-mark shown in the accompanying drawing "for Photographic Lens, in Class 26." The application further states: "The trade-mark is applied by being etched on a metal plate on the camera carrying the lens." Both tribunals in the Patent Office denied registration, both holding that no trade-mark use of the word "Twindar" upon the lens by the appellant had been shown. The appellant appeals, contending that this holding was erroneous, and that the use of the word, as the same was practiced by the appellant, was a trade-mark use of the same within the meaning of the statutory provisions.

Section 1 of the Trade-Mark Act of February 20, 1905, as amended, U. S. Code, tit. 15, § 81, 15 U.S.C.A. § 81, states that, in making application for the registration of a trade-mark, the owner shall, among other things, give "a statement of the mode in which the same is applied and affixed to goods, and the length of time during which the trade-mark has been used." In section 29 of said act, U. S. Code, tit. 15, § 108 (15 U.S.C.A. § 108) it is provided:

"Sec. 29. That in construing this act [this subdivision of this chapter] the following rules must be observed, except where the contrary intent is plainly apparent from the context thereof: * * * a trade-mark shall be deemed to be 'affixed' to an article when it is placed in any manner in or upon either the article itself or the receptacle or package or upon the envelope or other thing in, by, or with which the goods are packed or inclosed or otherwise prepared for sale or distribution."

Samples were before the court, showing the method of affixing the trade-mark. This method is illustrated below:

In our opinion, no trade-mark use within the provisions of the law above quoted has been shown, which would entitle the appellant to registration of its said mark. The name "Twindar" has not been used upon the lens itself, which is "the goods" to which the mark should have been "affixed." Whether the glass lens be considered as the goods, or the glass lens with its mounting, which might be commercially known as the lens, is immaterial, for the name was not affixed to either, but to a plate of metal on the front of the camera, and which composed a part of the camera.

The words "receptacle," "package," and "envelope" are thus defined by Webster's New International Dictionary, 1932:

"Receptacle, 1. That which serves, or is used, for receiving and containing something; a repository."

"Package, 5. That in which anything is packed; a box, case, barrel, crate, etc., in which goods are packed."

"Envelope, 1. That which envelops; a wrapper; an inclosing cover; esp., the

cover or wrapper of a document, as of a letter."

The statute gives to the user of a trademark his choice, as a condition of registration, to either use the trade-mark upon the article itself, or to place it upon the receptacle, package, envelope, or other thing in, by, or with which the article is prepared for sale or distribution. It cannot properly be contended that the camera, of which this lens was a part, constituted the receptacle, or package, or envelope, or other thing in, by, or with which the lens was packed or inclosed, or otherwise prepared for sale or distribution.

It is true that the lens was prepared for sale or distribution with the other parts of the camera, but the camera constituted no part of the inclosure of the lens any more than a house may be considered to be the receptacle, or package, or envelope, in which the windows and doors of the house are inclosed.

It is argued that the placing of the mark in the case at bar was in conformity with that portion of said section 29, reading: "Placed in any manner in or upon * * * the * * * other thing * * * with which the goods are packed or inclosed or otherwise prepared for sale or distribution."

■ We are not in harmony with this view. If, for instance, the "goods" upon which the registration of a trade-mark was sought was a rubber eraser, it would hardly seem enough to put the trade-mark upon the pencil to which it was attached, and with which it was sold. In such a case, the observer would have difficulty in knowing whether the trade-mark was that of the pencil or the eraser. The office of a trade-mark is to indicate or designate the origin of the goods to which the mark is to be applied. Elgin Nat. Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365.

In our opinion, the language of the section quoted above may refer to such objects as the papers containing needles or pins, or the cards upon which such objects as buttons or some kinds of jewelry are mounted, and others of the same class, but certainly cannot be held to include the camera here involved.

■ Some discussion has arisen in the case as to the possible application of the provision of the patent act, section 4900, Rev. St. U.S. Code, tit. 35, § 49 (35 U.S. C.A. § 49), to the affixing of the trade-mark under the said Trade-Mark Act. We are unable to see wherein any application of said Patent Act is permissible here. The acts are independent, and the provisions of one cannot be applied in administering the other, except where the statute, by terms, so directs.

Without approving all that is said by the Commissioner in his decision, we are of opinion that registration of this trade-mark was properly denied. The decision of the Commissioner of Patents is affirmed.

Affirmed.